## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **CAITLYN VANN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | <u>**Jury Trial Demanded**</u> |
| **DEPAUL UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>COMPLAINT</u>

Plaintiff, Caitlyn Vann, by and through her attorneys, complains of Defendant DePaul University, as follows:

## JURISDICTION

1.      Federal question jurisdiction is based upon 28 U.S.C. §1331, and 28 U.S.C. §1343(a); supplemental jurisdiction is based upon 28 U.S.C. §1367(a).

2.      Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") against Defendant.

3.      The EEOC issued Plaintiff a Notice of Right to Sue, which findings pursuant to the work sharing agreement are to be adopted by the Illinois Department of Human Rights.

## VENUE

4.      This action properly lies in this district pursuant to 28 U.S.C. §1391 because the events giving rise to this claim occurred in this judicial district.

**PARTIES**

5.      Plaintiff, CAITLYN VANN (hereinafter "Plaintiff"), was formerly employed by Defendant.

6.      Defendant DEPAUL UNIVERSITY (hereinafter "Defendant" or "DePaul") is a post-secondary education corporation authorized to do business in Illinois, including running a campus in Chicago, Illinois.

7.      At all times relevant hereto, Defendant employed more than fifteen (15) employees and was engaged in an industry affecting commerce.

**FACTS**

8.      Plaintiff, an African American female, was a professional volleyball player who was hired by Defendant on approximately February 18, 2013 in its Athletic Department as the Second Assistant Coach of Women's Volleyball.

9.      Plaintiff's job duties included assisting in administering the progress and success of the intercollegiate women's volleyball program, including all pre-season, in-season, and post-season activities necessary to the development of a regionally-competitive team.

10.     Throughout her employment, Plaintiff always performed her duties in an excellent manner and received many compliments regarding her performance from Head Coach, Nadia Edwards.

11.     In early 2014, the First Assistant Volleyball Coach was terminated from employment and Plaintiff assumed the responsibilities of First Assistant Volleyball Coach.

12.     While assuming the responsibilities of First Assistant Volleyball Coach, Plaintiff continued to perform her duties in an excellent manner and continued to receive compliments from Ms. Edwards.

2

13.     In February 2014, Plaintiff told Ms. Edwards that she was interested in applying to permanently fill the First Assistant Volleyball Coach position.

14.     Ms. Edwards responded, that she wanted to "hire a white male."

15.     Nevertheless, the next day, on March 4, 2014, Plaintiff forwarded her resume to Ms. Edwards and formally applied for the position.

16.     On March 9, 2014, while on a recruiting trip together, Ms. Edwards twice told Plaintiff, "I want to find a white male for the position."

17.     Ms. Edwards further said, "I don't want recruits thinking we're a HBCU [historically black college or university]."

18.     Thereafter, Plaintiff continued to express interest in the position to Ms. Edwards and expressed concern that her application wasn't being seriously considered.

19.     On April 30, 2014, Plaintiff met with Ms. Edwards to discuss the position.

20.     During that meeting, Ms. Edwards said, "I am looking for a white male candidate, but you've been doing a fantastic job."

21.     Ms. Edwards also said she was looking for a candidate with recruiting experience.

22.     Plaintiff had considerable recruiting experience and had, in fact, redeveloped DePaul's recruiting program for the women's volleyball team.

23.     Since Plaintiff already had considerable recruiting experience, she asked what additional experience she would need to be an ideal candidate for the job.  Ms. Edwards reiterated that Plaintiff was doing an excellent job and even asked Plaintiff to train the new hire.

24.     In May 2014, Ms. Edwards interviewed only white male candidates for the job.

25.     Ms. Edwards then ultimately hired a white male with minimal recruiting experience.

26.     Realizing that she would be given no further opportunities as an African American female, Plaintiff felt she had no choice but to look for new employment opportunities and she left her position with DePaul on February 4, 2015.

27.     Prior to leaving, Plaintiff told Ms. Edwards that she planned to run volleyball camps for young children in conjunction with volleyball clubs, schools, and other entities.

28.     Ms. Edwards expressed enthusiasm and said she wanted to help Plaintiff in any way she could.

29.     On her last day of employment, during her exit interview, Plaintiff told the Senior Associate Athletics Director, Kathryn Statz, about being denied the promotion for discriminatory reasons.

30.     Ms. Edwards then became aware that Plaintiff had reported the discrimination against her to the Athletic Director.

31.     Immediately thereafter, Ms. Edwards dramatically changed her attitude and position with respect to Plaintiff.

32.     Ms. Edwards was no longer willing to help Plaintiff and told Plaintiff she "had no character based on the complaints she made in the exit interview."

33.     Ms. Edwards then retaliated against Plaintiff, including by interfering with Plaintiff's new business venture and trying to damage Plaintiff's professional reputation and career opportunities in the Chicago area.

34.     For instance, Ms. Edwards told Plaintiff "if you try to run a children's camp in Chicago, I will make sure no one works with you."

35.     Ms. Edwards also ordered all DePaul coaches and players not to work with Plaintiff's camp, which was affiliated with the City Lions Volleyball Club ("City Lions"), and she further instructed the City Lions not to include DePaul's name in any promotional materials that were associated with Plaintiff and, if the City Lions was going to partner with Plaintiff, that no DePaul players or coaches would be permitted to participate as they had in the past.

36.     The City Lions had regularly employed DePaul players and coaches to work with and/or promote its affiliated camps.

37.     DePaul has never previously objected to its name or employees being used to promote City Lions' camps.

38.     Yet, after learning of Plaintiff's involvement, Ms. Edwards instructed DePaul's First Assistant Coach and players that they were not permitted to participate in any City Lions' camps that were affiliated with Plaintiff in any way.

39.     The First Assistant Coach and other DePaul players then, in fact, withdrew their planned participation in the camp.

40.     On March 25, 2015, as further retaliation, DePaul sent Plaintiff a threatening letter ordering her to cease and desist using what it purported to be its proprietary customer list, though Plaintiff hadn't misappropriated any proprietary customer list.

41.     Plaintiff then filed a formal complaint with DePaul regarding the discrimination and continuing retaliation against her.

42.     Shortly thereafter, DePaul closed all investigations into Plaintiff's complaints, quite incredibly finding that Ms. Edwards had not violated DePaul's Anti-Discrimination and Anti-Harassment Policy and Procedures even though she repeatedly admitted her discriminatory animus, stating on multiple occasions "I want to find a white male for the position."

43.     Defendant's actions are in direct violation of federal and state law.  As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and other benefits, loss of professional opportunities, emotional distress, severe embarrassment, pain, suffering, humiliation, fear, anxiety, damage and risk of damage to her career and reputation, damage to her standing in the community, loss of enjoyment of life, inconvenience and other non-pecuniary losses.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

44.     Plaintiff re-alleges paragraphs 1 through 43 and incorporates them as if fully set forth herein.

45.     Title VII as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e et seq., makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of race.

46.     By its conduct as alleged herein, Defendant discriminated against Plaintiff on account of her race.

47.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from race discrimination.

48.     As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, pain, suffering, emotional harm and humiliation.

49.     Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count I and that it:

        a)      Declare that Defendant's conduct was in violation of Title VII of the Civil Rights Act as amended;

b)   Award Plaintiff the value of all actual damages to be proved at trial, including but not limited to, the value of all compensation, benefits, and other actual damages Plaintiff has lost and will continue to lose;

c)   Award Plaintiff damages for emotional distress and compensatory damages;

d)   Award Plaintiff punitive damages;

e)   Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)   Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g)   Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

h)   Award Plaintiff any and all other relief as the Court deems just in the premises.

**COUNT II**
**SEX DISCRIMINATION IN VIOLATION OF TITLE VII**

50.   Plaintiff re-alleges paragraphs 1 through 43 and incorporates them as if fully set forth herein.

51.   Title VII as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e et seq., makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of sex.

52.   By its conduct as alleged herein, Defendant discriminated against Plaintiff on account of her sex.

53.   Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from sex discrimination.

54. As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, pain, suffering, emotional harm and humiliation.

55. Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and that it:

   a) Declare that Defendant's conduct was in violation of Title VII of the Civil Rights Act as amended;

   b) Award Plaintiff the value of all actual damages to be proved at trial, including but not limited to, the value of all compensation, benefits, and other actual damages Plaintiff has lost and will continue to lose;

   c) Award Plaintiff damages for emotional distress and compensatory damages;

   d) Award Plaintiff punitive damages;

   e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

   f) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

   g) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

   h) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

56.     Plaintiff realleges paragraphs 1 through 43 and incorporates them as if fully set forth herein.

57.      Title VII as amended by the Civil Rights Act of 1991, specifically 42 U.S.C. §2000(e)(3), makes it unlawful for an employer to retaliate against any employee because she has opposed any unlawful employment practice or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing pursuant to Title VII.

58.     By its conduct as alleged herein, Defendant discriminated and retaliated against Plaintiff for exercising her rights under Title VII and opposing an unlawful employment practice, in further violation of Title VII.

59.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliatory conduct.

60.     As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, pain, suffering, emotional harm and humiliation.

61.     Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count III and that it:

    a)    Declare that Defendant's conduct was in violation of Title VII of the Civil Rights Act as amended;

    b)    Award Plaintiff the value of all actual damages to be proved at trial, including but not limited to, the value of all compensation, benefits, and other actual damages Plaintiff has lost and will continue to lose;

    c)    Award Plaintiff damages for emotional distress and compensatory damages;

d)      Award Plaintiff punitive damages;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g)      Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

h)      Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT IV
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

62.     Plaintiff re-alleges paragraphs 1 through 43 and incorporates them as though fully set forth herein.

63.     42 U.S.C. §1981 makes it unlawful to discriminate against any person in the terms and privileges of employment or to take any adverse action on account of race.

64.     By its conduct as alleged herein, Defendant discriminated against Plaintiff on account of her race.

65.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from race discrimination.

66.     As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, pain, suffering, emotional harm and humiliation.

67.     Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count IV and that it:

a) Declare that Defendant's conduct was in violation of 42 U.S.C. §1981;

b) Award Plaintiff the value of all actual damages to be proved at trial, including but not limited to, the value of all compensation, benefits, and other actual damages Plaintiff has lost and will continue to lose;

c) Award Plaintiff damages for emotional distress and compensatory damages;

d) Award Plaintiff punitive damages;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

h) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT V
## RETALIATION IN VIOLATION OF 42 U.S.C. §1981

68. Plaintiff re-alleges paragraphs 1 through 43 and incorporates them as though fully set forth herein.

69. 42 U.S.C. §1981 makes it unlawful to retaliate against any employee who has opposed an unlawful employment practice.

70. By its conduct as alleged herein, Defendant retaliated against Plaintiff on account of her opposition to unlawful employment practices.

71. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliatory conduct.

72. As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, pain, suffering, emotional harm and humiliation.

73. Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count V and that it:

a) Declare that Defendant's conduct was in violation of 42 U.S.C. §1981;

b) Award Plaintiff the value of all actual damages to be proved at trial, including but not limited to, the value of all compensation, benefits, and other actual damages Plaintiff has lost and will continue to lose;

c) Award Plaintiff damages for emotional distress and compensatory damages;

d) Award Plaintiff punitive damages;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

h) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT VI
## RACE DISCRIMINATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

74.     Plaintiff re-alleges paragraphs 1 through 43 and incorporates them as if fully set forth herein.

75.     The Illinois Human Rights Act ("IHRA") makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of race.

76.     By its conduct as alleged herein, Defendant discriminated against Plaintiff on account of her race.

77.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from race discrimination.

78.     As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, pain, suffering, emotional harm and humiliation.

79.     Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count VI and that it:

a)      Declare that Defendant's conduct was in violation of the Illinois Human Rights Act;

b)      Award Plaintiff the value of all actual damages to be proved at trial, including but not limited to, the value of all compensation, benefits, and other actual damages Plaintiff has lost and will continue to lose;

c)      Award Plaintiff damages for emotional distress and compensatory damages;

d)      Award Plaintiff punitive damages;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

13

g)      Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

h)      Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT VII
## SEX DISCRIMINATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

80.    Plaintiff re-alleges paragraphs 1 through 43 and incorporates them as if fully set forth herein.

81.    The Illinois Human Rights Act ("IHRA") makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of sex.

82.    By its conduct as alleged herein, Defendant discriminated against Plaintiff on account of her sex.

83.    Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from sex discrimination.

84.    As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, pain, suffering, emotional harm and humiliation.

85.    Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count VII and that it:

a)      Declare that Defendant's conduct was in violation of the Illinois Human Rights Act;

14

b)    Award Plaintiff the value of all actual damages to be proved at trial, including but not limited to, the value of all compensation, benefits, and other actual damages Plaintiff has lost and will continue to lose;

c)    Award Plaintiff damages for emotional distress and compensatory damages;

d)    Award Plaintiff punitive damages;

e)    Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)    Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g)    Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

h)    Award Plaintiff any and all other relief as the Court deems just in the premises.

**COUNT VIII**
**RETALIATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT**

86.    Plaintiff realleges paragraphs 1 through 43 and incorporates them as if fully set forth herein.

87.    The Illinois Human Rights Act ("IHRA"), specifically 775 ILCS 5/6-101(A), makes it unlawful to retaliate against any employee who has opposed what she reasonably and in good faith believes to be unlawful discrimination.

88.    By its conduct as alleged herein, Defendant discriminated and retaliated against Plaintiff for opposing what she reasonably and in good faith believed to be unlawful discrimination.

89.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliatory conduct.

90.     As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, pain, suffering, emotional harm and humiliation.

91.     Plaintiff demands to exercise her right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count VIII and that it:

a)     Declare that Defendant's conduct was in violation of Title VII of the Civil Rights Act as amended;

b)     Award Plaintiff the value of all actual damages to be proved at trial, including but not limited to, the value of all compensation, benefits, and other actual damages Plaintiff has lost and will continue to lose;

c)     Award Plaintiff damages for emotional distress and compensatory damages;

d)     Award Plaintiff punitive damages;

e)     Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)     Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g)     Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

h)     Award Plaintiff any and all other relief as the Court deems just in the premises.

Respectfully submitted,


By:        /s/ M. Megan O'Malley
                  Attorney for the Plaintiff


M. Megan O'Malley
Lindsey E. Goldberg
O'Malley & Madden, P.C.
542 So. Dearborn Street, Suite 660
Chicago, Illinois  60605
(312) 697-1382
momalley@ompc-law.com
ARDC # 6243598