**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAITLYN VANN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-7792 |
| | ) | |
| v. | ) | Judge Gary Feinerman |
| | ) | |
| DEPAUL UNIVERSITY, | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff, by her attorneys, hereby responds to Defendant's Partial Motion to Dismiss as follows.

**INTRODUCTION**

This case arises from Plaintiff, an African-American female, having been denied employment opportunities at DePaul University because her supervisor plainly stated that she wished to "hire a white male" so that recruits would not think that DePaul was an "HBCU", *i.e.*, Historically Black College or University. [Compl, ¶¶14, 16, 17, and 20] Plaintiff was employed as the Second Assistant Women's Volleyball Coach when a vacancy for First Assistant coach became available. [Compl, ¶¶8, 11] While the First Assistant job was vacant, Plaintiff filled that role and performed those duties with praise for her performance from her supervisor, the Head Coach, for doing an excellent job. [Compl, ¶¶12, 23] Notwithstanding her performance, the Head Coach told her on multiple occasions that she "wanted to hire a white male" and explained her discriminatory reasoning. [Compl, ¶¶14, 16-17, 20] When Plaintiff formally applied for the job, she ultimately wasn't awarded the job, admittedly because of her race and gender. [Compl, ¶¶13-25] Eventually realizing she would not be given any further employment opportunities as

long as she remained an African-American female, Plaintiff concluded that she had no choice but to leave DePaul in order to have any opportunity to advance her career. [Compl, ¶26] After Plaintiff informed DePaul about the discrimination, the Head Coach then retaliated against Plaintiff for reporting the overtly discriminatory comments and conduct.[1] [Compl, ¶¶30-40]

Defendant has brought a partial motion to dismiss to streamline certain counts in Plaintiff's Complaint. Defendant's motion **does not move to dismiss** (in part or in full) **Counts III, V, or VIII** (the retaliation counts under all three statutes) and does not move to dismiss **Count IV** as it relates to failure to promote on account of race under 42 U.S.C. 1981 [See Def. memo., p. 2, n. 2 and 3] Rather, Defendant moves to dismiss portions of the remaining counts (Counts I, II, VI, VII, and IV only insofar as it relates to constructive discharge) under two defenses, both prematurely brought.

Because Defendant's motion is facially without merit and inappropriately brought on the pleadings, Plaintiff respectfully requests this Honorable Court deny the motion in its entirety.

## LEGAL STANDARD

A complaint meets the requisite notice pleading standard as long as it "give[s] the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)("specific facts are not necessary"); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(a complaint need not contain "detailed factual allegations"). "We have distinguished notice pleading from evidentiary proof by stressing that '[f]acts that substantiate the claim must ultimately be put into evidence,' but the rule 'plaintiff needs to prove fact Y' does not imply 'plaintiff must allege fact Y at the outset.'" *Lang v. TCF Nat'l Bank,* 249 Fed.Appx. 464, 466, (7th Cir. 2007). "In federal court under Rule 8, the rules are simple: Notice is what

---

[1] The facts giving rise to retaliation are not relevant to this motion, as Defendant has not moved to dismiss any of the retaliation counts (III, V, and VIII) in Plaintiff's Complaint. [See Def. memo., p. 2, n. 2]

counts. Not facts; not elements of 'causes of action'; not legal theories." *Hefferman v. Bass,* 467 F.3d 506, 600(7th Cir. 2006); *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011)("a complaint need not pin plaintiff's claim for relief to a precise legal theory").

Moreover, "plausibility" merely means that the "plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself could these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403-05 (7th Cir. 2010)(emphasis in original). The evidentiary proof will emerge and be appropriately presented during discovery of the litigation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)(plaintiff need not "allege all or any facts" and "certainly need not include evidence"). Of course, courts must construe the complaint in the light most favorable to plaintiff, accepting all well-pleaded facts, and drawing all possible inferences in her favor. *Tamayo*, 526 F.3d at 1081.

## ARGUMENT

### I. PLAINTIFF HAS TIMELY PLED CLAIMS OF FAILURE TO PROMOTE

Defendant's partial motion to dismiss contends that Plaintiff's failure to promote claims, alleging race and gender discrimination under Title VII of the Civil Rights Act ("Title VII") and the Illinois Human Rights Act ("IHRA"), are untimely. Defendant concedes, however, that the failure to promote on the basis of race, as brought under 42 U.S.C. §1981, is timely and properly before the Court.[2] [See Def. memo., p. 2, n. 3]

Defendant's motion parcels out Plaintiff's counts as if made separately, into Race Discrimination – Failure to Promote; and Race Discrimination – Constructive Discharge (and

---

[2] Defendant does not attack the timeliness of any of the retaliation counts or any of the counts as they relate to discriminatory constructive discharge. Accordingly, the statute of limitations defense is only made in connection with Count I in part, Count II in part, Count VI in part, and Count VII in part, and would not result in dismissal of any Count in full where each of those counts also include a discriminatory constructive discharge.

does the same for gender discrimination). Yet, Plaintiff's Complaint makes no such distinction, as it is not required to. *Skinner*, 131 S. Ct. at 1296 (there is no requirement under the federal rules to separately plead legal theories). In dissecting the counts into theories it presumes Plaintiff has advanced, Defendant is, in some respects, manufacturing issues to needlessly litigate. For example, Defendant merely presumes that Plaintiff is advancing a failure to promote theory under the Illinois Human Rights Act; yet, Plaintiff fully agrees with Defendant that the failure to promote claims are not timely under the IHRA. Defendant did not need to bring a motion seeking a judicial proclamation that claims which weren't brought would have been untimely if they had been.[3]

Having clarified that the failure to promote claims under the IHRA are not at issue (thereby clarifying the scope of Counts VI and VII but leaving those claims intact as timely alleging discriminatory constructive discharge), the only issues remaining under Defendant's statute of limitations argument relate to the timeliness of Plaintiff's failure to promote theories under Title VII as relating to both race (a portion of Count I) and gender (a portion of Count II).

Statute of limitations is an affirmative defense not appropriately decided on the pleadings. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012)("We have held many times that, because complaints need not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1)."). The Seventh Circuit has "cautioned that [dismissal on statute of

---

[3] While Plaintiff understands Defendant's desire to have a full understanding of what claims are at issue and what claims are not, this motion is not an appropriate vehicle to gain that understanding. First, as discussed above, Plaintiff is not required to set forth a single legal theory and plead any counts at all, but she has set forth 8 separate counts nevertheless. Defendant's implicit suggestion that Plaintiff is required to plead with precision what sub-theories are, or are not, included in each count is not a tenable argument. *Skinner*, 131 S. Ct. at 1296. More importantly here, however, is the fact that, as Defendant concedes, the failure to promote claim under 42 U.S.C. §1981 is timely and not subject to the motion to dismiss at all; hence, the parties will still litigate (and conduct discovery on) the issues and factual circumstances surrounding the promotion decision. Accordingly, even a proclamation that "if Plaintiff were to have brought failure to promote claims under the IHRA, those claims would have been untimely" would still be a pyrrhic proclamation for Defendant.

limitations grounds is] 'irregular' [and] appropriate 'only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Sidney Hillman Health Ctr. v. Abbott Labs., Inc.,* 782 F.3d 922, 928 (7th Cir. 2015). "In other words, the plaintiff must affirmatively plead himself out of court; the complaint must plainly reveal that the action is untimely under the governing statute of limitations." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-614 (7th Cir. 2014)(internal citations omitted). If a statute of limitations defense is not obvious from the pleadings, or is subject to any dispute between the parties regarding when plaintiff discovered the injury, the court must allow the parties to conduct discovery on those issues. *Sidney Hillman Health Ctr.,* 782 F.3d at 928.

Here, Defendant's statute of limitations argument is facially frivolous. In its motion, Defendant plainly states, "Plaintiff goes on to claim that Edwards announced the new hire for the First Assistant position on May 27, 201[4] (sic) (precisely 300 days before Plaintiff submitted her Charge Questionnaire)."[4] [Def. memo, p. 4] Plaintiff's Charge Questionnaire, attached to Defendant's motion, clearly reveals that she checked the box indicating "I want to file a charge of discrimination…", and, as Defendant concedes, the Questionnaire was submitted to the EEOC "precisely 300 days" after she learned she was being passed over for the position. [See Ex. 1 to Def. motion] This is dispositive.

In *Fed. Ex. v. Holowecki,* the Supreme Court held that where an employee provides basic information regarding her complaint of discrimination to the Equal Employment Opportunity Commission ("EEOC") (such as contact information for her employer and general information comprising the discrimination and/or retaliation she complains of) and that information accompanies a request for the EEOC to act, that the information constitutes a charge of

---

[4] The statute of limitations for bringing claims under Title VII of the Civil Rights Act is 300 days. *McClendon v. Ill. DOT,* 2015 U.S.Dist. LEXIS 101343, *25 (N.D. Ill. 2015).

discrimination for charge filing requirement purposes. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 404 (2008); *EEOC v. Watkins Motor Lines, Inc*., 553 F.3d 593, 598 (7th Cir. 2009)("[a] piece of paper that alleges discrimination and asks the agency to take remedial action suffices" as a charge); *see also McClendon,* 2015 U.S.Dist. LEXIS 101343, *26-27[5] (denying summary judgment and rejecting statute of limitations argument, finding the intake questionnaire satisfied charge filing requirement under *Holowecki*). Here, as Defendant concedes, Plaintiff submitted her Charge Questionnaire to the EEOC 300 days after the discriminatory employment decision was announced to her and the Questionnaire requests the EEOC to act; hence, Defendant's motion is self-defeating and must be denied. *Holowecki*, 552 U.S. at 404; *Watkins Motor Lines, Inc*., 553 F.3d at 598; *McClendon,* 2015 U.S.Dist. LEXIS 101343, *25-27.

Defendant attempts to salvage its statute of limitations defense by suggesting that perhaps it is the discriminatory comments made by Plaintiff's supervisor that trigger the statute of limitations and not the actual employment decision. This argument is wholly unsupported and runs completely counter to well established law. A limitations period does not begin to run until the plaintiff has a "complete and present cause of action." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp*., 522 U.S. 192, 195 (1997); *Chi. Bldg. Design, P.C.,* 770 F.3d at 614. An expression of a future intent to discriminate is not an accrued cause of action. *Dauska v. Green Bay Packaging Inc*., 2014 U.S. Dist. LEXIS 107438, *12 (E.D. Wis. Aug. 5, 2014)("[a] mere threat to take some job action against an employee is not enough to trigger the statute of limitations under Title VII"). This is particularly so where the plaintiff would not have suffered the materially adverse employment action, *i.e.,* the actual denial of the promotion, until the decision was actually made and announced. *Burlington Indust., Inc. v. Ellerth*, 524 U.S. 742 (1998). Obviously, Plaintiff would not have been able to sue on her supervisor's expression of a

---

[5] All cases with Lexis citations are attached hereto as Exhibit A.

desire to hire a white male where no such hiring had yet occurred, and the cause of action was, therefore, not ripe. *Bay Area Laundry & Dry Cleaning Pension Trust Fund*, 522 U.S. at 200 ("a cause of action does not become 'complete and present' for limitations purposes until the plaintiff can file suit and obtain relief"); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637, 640 (7th Cir. 2004)("Requiring employees like [plaintiff] to file EEOC Charges on ambiguous conversations regarding termination would cause a flood of charges; litigants would be forced to file a charge at every hint of termination in order to preserve their claims.").

The Seventh Circuit has adopted an "unequivocal notice" test to determine the date of an unlawful employment practice, which requires: 1) a "final, ultimate, nontentative decision;" and 2) "the employer must give the employee 'unequivocal' notice of its final [] decision." *Spurling v. C&M Fine Pack, Inc.*, 739 F.3d 1055, 1061 (7th Cir. 2014) quoting *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004)(reversing dismissal, discussing the "unequivocal notice" test); *Dvorak v. Mostardi Platt Assocs.*, 289 F.3d 479, 486 (7th Cir. 2002)("this court adopted an 'unequivocal notice of termination' test").

Here, Plaintiff's EEOC Questionnaire states that her supervisor, Nadia Edwards, said that she "**wanted to**" find a white male. [See Ex. 1 to Def. motion] This is a far cry from either a "final, ultimate, nontentative decision" or an "unequivocal notice" to Plaintiff of that decision. There is nothing in the record, limited as it stands today, to suggest that Ms. Edwards was the sole or final decisionmaker with regard to the decision, or that any white males had even applied for the position at the time the statements were made. Indeed, the comments read, both plainly and also when construed in the light most favorable to Plaintiff, make clear that a final decision had not at all been made where Ms. Edwards was clearly still in the process of searching for

candidates. *Tamayo*, 526 F.3d at 1081)(court must construe the complaint in the light most favorable to the plaintiff, and draw all possible inferences in her favor).

Plaintiff's Charge Questionnaire identifies May 27 as the date upon which she learned that a white male had been hired into the position for which she applied. [Ex. 1 to Def. motion] Because Plaintiff pursued her claims at the EEOC within 300 days of when the adverse employment action was unequivocally made and communicated to her, Defendant's motion to dismiss lacks merit and must be denied.[6] *Spurling*, 739 F.3d at 1061; *Flannery*, 354 F.3d at 637; *Dvorak*, 289 F.3d at 486.

## II.     PLAINTIFF'S COMPLAINT SUFFICIENTLY PLEADS CONSTRUCTIVE DISCHARGE

Defendant next moves for partial dismissal of Plaintiff's claims as they relate to constructive discharge on the basis of race and gender discrimination, as brought under Title VII, 1981, and the IHRA (portions of Counts I, II, IV, VI, and VII). Again, Defendant's motion is premature, in that it asserts a factual defense not appropriately decided on the pleadings.

The Seventh Circuit has long recognized that a failure to promote can, in fact, be the basis for a constructive discharge. *Hunt v. City of Markham*, 219 F.3d 649, 655 (2000); *see also Neal v. Honeywell, Inc*., 958 F.Supp. 345 (N.D. Ill. 1997)("Contrary to [defendant's memo], under appropriate circumstances the failure to promote can indeed form the basis of a constructive discharge claim."). Where a plaintiff does not plead that a severe and pervasive hostile work environment prompted her discharge, the plaintiff must plead that a discriminatory

---

[6] While Defendant's counsel has alerted Plaintiff to the existence of a press release that pre-dates May 27, 2014 – the date on which Plaintiff recalls being notified of the employment decision at issue – as Plaintiff explained to counsel and in open court, a search of Plaintiff's emails reveals conflicting evidence regarding the date the decision was announced to Plaintiff; hence, any subsequent determination regarding timeliness would be premature at this stage, given the need for a more fully developed record. *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012)(plaintiff must be given opportunity to develop the record and present evidence in response to a statute of limitations defense).

act (such as failure to promote) plus aggravating factors prompted her discharge. Where, as here, those aggravating factors include making it clear to an employee that she has no meaningful future with an employer (due to discriminatory reasons), the courts recognize the reasonableness of an employee deciding to leave the employer as opposed to stay and endure further discriminatory treatment and/or discriminatory denials of employment opportunities. *Hunt*, 219 F.3d at 655; *EEOC v. Miller Brewing Co.,* 650 F.Supp. 739, 748 (E.D. Wis. 1986)(denying summary judgment where failure to promote accompanied racially discriminatory comments as the reason for discharge, concluding that "[a] question of fact exists as to whether or not a reasonable person would have resigned in view of the other factors"); *Thames v. Maurice Sporting Goods, Inc.,* 686 F.Supp. 208, 214-215 (N.D. Ill. 1988)(denying summary judgment, finding that while a "simple denial of a promotion" will not give rise to a constructive discharge, the denial of employment opportunities accompanied by aggravating factors will); *Zierke v. R.R. Donnelley & Sons, Co.,* 1997 U.S. Dist. Lexis 12925, *23 (N.D. Ill. Aug. 26, 1997)(denying summary judgment, holding that a demotion and "little opportunity for advancement" can give rise to a constructive discharge).[7]

In *Neal v. Honeywell,* the plaintiff was denied a promotion after reporting False Claims Act violations. Notwithstanding that she was offered, and rejected, two lateral transfers, the plaintiff left her employment and claimed constructive discharge. The court denied summary

---

[7] While *Thames* involved a pattern of denying the plaintiff employment opportunities, and Plaintiff here has only alleged the denial of one opportunity, the effect is nevertheless the same where the employee concludes that she has no meaningful future career opportunities, whether from a pattern as in *Thames* or from the overt admissions of discriminatory exclusion on account of race and gender as in this case here. The conclusion gives rise to a constructive discharge and it is the trier of fact's role to determine the reasonableness of the plaintiff's conclusion. *Thames,* 686 F.Supp. at 214-215; *Hunt,* 219 F.3d at 655; *Miller Brewing Co.,* 650 F.Supp. at 748. Plaintiff here was successfully performing the role of First Assistant when she was relegated back to Second Assistant, denied the opportunity to permanently become First Assistant for admittedly discriminatory reasons, and those discriminatory factors were not subject to change as long as she remained an African-American female.

judgment on the issue of constructive discharge, finding that plaintiff had set forth evidence that defendant had a *de facto* "up or out" policy; hence, the proper inquiry was "whether a reasonable person would have perceived any such lateral transfer, without [defendant] holding out a like prospect of promotion, as a dead end" and finding that "she was reasonable in believing that she had no future there." *Neal*, 958 F.Supp. at 348. The court stated that "a reasonable factfinder could find that [plaintiff] (also reasonably) had perceived her situation as a promising career that had come to a grinding halt because of her whistleblowing." *Id.* The court then concluded that this was sufficient, when accompanied with other aggravating circumstances such as harassment and breaches of her confidentiality, to support her constructive discharge claim. *Id.*

In *Van Meter Indus. v. Mason City Human Rights Comm'n*, the Supreme Court of Iowa, analyzing federal law, found a constructive discharge where the plaintiff set forth evidence that she was passed over for a promotion for discriminatory reasons and that the circumstances surrounding the denial of promotion reasonably led her to conclude that her future opportunities for advancement were hopeless. *Van Meter Indus.*, 675 N.W.2d 503, 512-513 (Iowa 2004). In that matter, the plaintiff had been working for defendant for a number of years and had been promoted several times, but had developed the opinion that there were two promotion tracks – one for men and one for women. She was passed over for a promotion that she didn't formally apply for, but thought she should have received based on her qualifications. The position was given to a male she felt was less qualified than her and she complained to her employer that she felt the decision was discriminatory and informed her employer she intended to quit. Even though the company asked her to stay, she nevertheless left the following month, having concluded there her "advancement opportunities were limited at best." *Van Meter Indus.*, 675 N.W.2d at 512. In finding she had proven her constructive discharge claim, the court rejected

defendant's reliance on cases where the loss of a single promotion opportunity did not amount to a constructive discharge, finding them not on point where the there-plaintiff's denial of promotion on the basis of gender resulted in there being no reasonable likelihood of advancement and a foreclosure from a career path, and thus finding she was "not simply deprived of one promotion." *Van Meter Indus.,* 675 N.W.2d at 511.

Here, Plaintiff has similarly not simply pleaded a run of the mill failure to promote. Specifically, Plaintiff's case does not arise from the more typical scenario of: "I was passed over for a promotion, my employer hired someone outside my protected class, and I think I was more qualified." Plaintiff agrees that such a situation would fall under the line of cases precluding a constructive discharge claim to arise from a simple failure to promote – without more. But here, there is more. This case involves additional aggravating factors as recognized to give rise to the claim, including Plaintiff having been subjected to repeated discriminatory comments and, significantly, comments that expressly inform Plaintiff that she will never be promoted to the only other position she could advance to, *i.e.,* First Assistant, as long as she remains an African-American female. The discriminatory comments were followed up by discriminatory action when Defendant, in fact, hired a white male who did not have as much recruiting experience as Plaintiff and who Plaintiff was then asked to train. [Compl, ¶¶23, 25] *Van Meter Indus.,* 675 N.W.2d at 513 (training the man who obtained the promotion denied to plaintiff was deemed an aggravating factor giving rise to the constructive discharge claim).

In *Hunt v. City of Markham*, the Seventh Circuit was clear that "[a] person who is told repeatedly that he is not wanted, has no future, and can't count on ever getting another raise would not be acting unreasonably if he decided that to remain with this employer would necessarily be inconsistent with even a minimal sense of self-respect, and therefore intolerable."

*Hunt*, 219 F.3d at 655. Similarly, here, Plaintiff was told that she was not wanted because of the color of her skin and her gender, that she would never be wanted due to those immutable traits, and that she would accordingly, have no future career prospects as long as she remained an African-American female. Plaintiff is not required to be complicit in the discrimination against herself by staying in a job with no future and to continue to be judged not on her merit, but on her race and gender only. Her own minimal sense of self-respect allows her to reject Defendant's discrimination and look for career opportunities elsewhere. *Hunt*, 219 F.3d at 655; *Neal*, 958 F.Supp. at 348.

While Defendant here may later contend that it is not true that Plaintiff had no future or prospect of career advancement with DePaul (and Defendant is now, by implication, making such a contention by challenging on the pleadings whether Plaintiff will be able to meet the test), this is an assertion that Plaintiff is entitled to test in discovery. *Piech v. Arthur Andersen & Co., S.C.,* 841 F. Supp. 825, 833 (N.D. Ill. 1994)(denying motion to strike constructive discharge based on an alleged unfavorable job transfer that plaintiff felt eliminated any chance of her making partner, finding that, "[w]hether the circumstances complained of go 'beyond ordinary discrimination' and would compel a reasonable employee in [plaintiff's] position to contemplate immediate resignation is a question more appropriately answered by a trier of fact"). Plaintiff's Complaint, having invoked and plausibly pled a recognized legal claim, is not the appropriate place to test the sufficiency of this baldly asserted defense. *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir.. 2012)("A complaint that invokes a recognized legal theory (as this one does) and contains plausible allegations on the material issues (as this one does) cannot be dismissed under Rule 12.") *citing Erickson v. Pardus*, 551 U.S. 89 (2007).

## <u>CONCLUSION</u>

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests this Honorable Court deny Defendant's motion in its entirety and grant any further relief that the Court deems just.

Respectfully submitted,

By:        /s/ M. Megan O'Malley
           Attorney for the Plaintiff

M. Megan O'Malley
Lindsey E. Goldberg
O'Malley & Madden, P.C.
542 So. Dearborn Street, Suite 660
Chicago, Illinois  60605
(312) 697-1382
momalley@ompc-law.com
ARDC # 6243598